1 | David P. Morales, Esq., SBN 191229
2 | The Morales Law Firm
   | 1414 Soquel Avenue, Suite 212
   | Santa Cruz, CA  95062
3 | Telephone: (831) 429-7900
   | Facsimile: (831) 786-8800
4 | E-Mail: moraleslaw@sbcglobal.net

5 | Attorney for Plaintiff, Marilyn Churchill

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARILYN CHURCHILL, an individual, | Civil Action No.: |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, UNJUST ENRICHMENT, VIOLATION OF MORAL RIGHTS, AND CONSPIRACY.** |
| vs. | |
| JOHN BARGETTO, in his individual and official capacities; BARGETTO'S SANTA CRUZ WINERY, a California Corporation; and DOES 1 through 100, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | **E-FILING CHAMBERS COPY** |

## **COMPLAINT**

1. This is a suit for a preliminary and permanent injunction, an impoundment, an accounting, and damages for the actions of Defendants JOHN BARGETTO ("Bargetto"), BARGETTO'S SANTA CRUZ WINERY ("Winery") and DOES 1 through 100, inclusive, (collectively, "Defendants"), and each of them, in infringing the copyright(s) of Plaintiff MARILYN CHURCHILL ("Artist" or "Plaintiff"), in engaging in unfair competition against her, in unjustly enriching themselves, in violating Artist's moral rights, and in conspiring to commit the wrongful acts alleged in this complaint.

/ / /

/ / /

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, UNJUST ENRICHMENT, VIOLATION OF MORAL RIGHTS, AND CONSPIRACY.**

**JURISDICTION & VENUE**

2. This Court has jurisdiction of this matter under 28 U.S.C. §§1331, 1338 and 1367 (West 2007). The issues in this dispute generally involve matters of federal law under Title 17 of the United States Code, namely, copyright infringement, unfair competition, unjust enrichment, violation of moral rights, and related state-law claims.

3. Venue is proper in this judicial district under 28 U.S.C. §1391(b) (West 2007). One or more Defendants reside in this judicial district. A substantial part of the events or omissions giving rise to these claims occurred in this district, and a substantial part of the property that is the subject of the action is situated in this district.

**PARTIES**

4. Plaintiff MARILYN CHURCHILL ("Artist" or "Plaintiff"), is an individual and resident of Santa Cruz County, California, and a professional fine artist and animator. Artist has extensive training in the areas of fine arts, illustration and animation, and has had a distinguished career as an art director and animator in the fields of children's education and entertainment software. In addition to her work in the children's education and entertainment market, Artist's individual works have been widely exhibited, published and commercially distributed to the public over the past twenty years.

5. On information and belief, Defendant JOHN BARGETTO ("Bargetto"), is a resident of Santa Cruz County, California and a director, officer and shareholder of BARGETTO'S SANTA CRUZ WINERY. Bargetto is being sued in his official and individual capacities.

6. Defendant BARGETTO'S SANTA CRUZ WINERY ("Winery") is a California corporation, no. C0346718, with its principal place of business at 3535 N. Main Street, Soquel, Santa Cruz County, California 95073 and doing business as Chaucer's Cellars, Bargetto Winery, Bellevue, CDF Vineyard, Coastal Cellars, Hillview Winery, Sandstone Cellars, Soquel Creek Winery, Soquel Winery and TGV Estates.

7. Plaintiff does not know the true names of defendants Does 1 through 100, inclusive, and therefore sues them by those fictitious names. Defendant Bargetto and Does 1 through 100, inclusive, are the only shareholders, or persons in control, of Defendant Winery. Defendant

1  Bargetto and Does 1 through 100, inclusive, are liable for the acts of defendant Winery alleged in
2  this complaint as the alter egos of defendant Winery. Recognition of the privilege of separate
3  existence would promote injustice because defendants, Bargetto and Does 1 through 100,
4  inclusive, in bad faith dominated and controlled defendant Winery.

## FACTUAL ALLEGATIONS

8. In January 1997, Defendant Winery entered into an agreement ("Agreement") with Artist in which Defendant Winery received a license for "one time use rights" of an original illustration created by Artist (the "Work") "on the Chaucer's Mead Wine label and for promotional materials for Chaucer's Mead and Chaucer's brand." That Agreement specifically required that any additional uses of Artist's Work by Defendant Winery would require a further agreement between the Artist and Defendant Winery for additional compensation. The Agreement was signed by Defendant Bargetto on behalf of Defendant Winery.

9. Despite the specific limitations of the license granted to Defendant Winery in the Agreement between the parties, Defendants, and each of them, subsequently proceeded to make unlicensed additional uses of Artist's Work on other products beyond the agreed Chaucer's Mead Wine ("unlicensed additional uses"). Defendants, and each of them, intentionally failed to notify Artist of these unlicensed additional uses. Defendants, and each of them, made no attempt to obtain permission for these additional uses, and failed to compensate Artist for these unlicensed additional uses. Instead, Defendants, and each of them, successfully exploited these unlicensed additional uses of Artist's Work in secret for a period of years.

10. When Artist discovered Defendants' unlicensed additional uses of her Work, she immediately contacted Defendant Bargetto. Defendant Bargetto claimed that he completely forgot that he ever signed the Agreement with Artist for the use of her Work. When Artist asked Defendant Bargetto to identify Defendants' unlicensed additional uses of her Work, Defendant Bargetto was evasive and intentionally omitted some of Defendants' unlicensed additional uses, which were independently discovered by Artist. During January and February 2007, Artist attempted to negotiate an agreement with Defendants to grant them full rights to use her Work commercially. Defendants continued to be evasive and continued their failure to fully identify all

their unlicensed additional uses. Defendants, failed to reach any agreement with Artist permitting them to make additional use of Artist's Work. In addition, even without an agreement, Defendants refused to cease their unlicensed additional uses of Artist's Work.

11. On March 1, 2007, Artist, through counsel, sent a letter ("Letter") to Defendant Bargetto and Defendant Winery canceling the Agreement between Artist and Defendant Winery and terminating Defendant Winery's limited license to use Artist's Work, due to: (1) Defendants' intentional breach of the prior Agreement between the parties; (2) Defendants' continued failure to fully identify all their unlicensed additional uses of Artist's Work; (3) Defendants' failure to cure their breach of the Agreement; and (4) Defendants' intentional infringement of Artist's copyrights. Artist's Letter further requested that Defendant Winery immediately cease and desist all uses of Artist's Work for any purpose. Finally, Artist's Letter gave Defendant Winery a final opportunity to provide an honest, complete and detailed report of all its uses of Artist's Work.

12. On or about March 15, 2007, Defendant Bargetto sent a letter to Artist's counsel in which he identified uses of Artist's Work on Chaucer's Mead, Chaucer's Raspberry Mead, honey products, T-shirts and magnets. Artist contends that in this letter Defendants continued their pattern of evasiveness and continued to intentionally omit some of their unlicensed additional uses of her Work.

13. The parties were unable to resolve this matter informally. Defendant Winery later unilaterally tendered a nominal check as payment for its unlicensed additional uses of Artist's Work. Artist neither accepted nor deposited that payment and so notified Defendants in writing.

## FIRST CAUSE OF ACTION

*(Copyright Infringement – 17 U.S.C. §501)*

14. Plaintiff hereby repeats and re-alleges each and every allegation contained in paragraphs 8 through the immediately preceding paragraph of this Complaint.

15. Artist is the creator and author of the original Work, created in or about May 1997 and entitled "T'was May," which is the subject of this litigation. *See* Work, **"Exhibit A."**

16. Artist's Work constitutes copyrightable subject matter under the laws of the United States. Artist has complied with all relevant provisions of United States copyright law, and in

March 2007 applied to register her Work with the United States Copyright Office.

17. At all relevant times, Artist has been and still is the sole owner of all rights, title, and interest in and to the copyright in said Work.

18. After entering into the Agreement for the one-time use of Artist's Work, and with full knowledge of the right of Artist therein, Defendants, and each of them, infringed said copyright by printing and distributing copies of Artist's Work on several products beyond the single Chaucer's Mead product originally contemplated in the original Agreement between the parties, including, but not limited to, Chaucer's Raspberry Mead, honey products, T-Shirts, and magnets.

19. On information and belief, Defendants, and each of them, have also improperly altered Artist's Work to create a variety of derivative works without permission and in violation of Artist's rights, including moral and other rights, and have printed and distributed copies of those wrongful works on certain products.

20. Furthermore, after Artist's cancellation of the Agreement between the parties and the termination of Defendant Winery's limited license to use Artist's Work on its single Chaucer's Mead product, Defendants, and each of them infringed said copyright by continuing to print and distribute copies of Artist's Work on its Chaucer's Mead product, as well as on its Chaucer's Raspberry Mead, honey, T-Shirts, magnets and other products.

21. Artist has notified Defendants, and each of them, that they have infringed the copyright of Artist and, upon information and belief, Defendants have continued to infringe the copyright.

22. All of the Defendants' wrongful acts outlined above were performed without the permission, license, or consent of Artist.

23. By reason of Defendants' acts of copyright infringement as alleged above, Artist has suffered and will continue to suffer substantial damage to her business in the form of diversion of trade, loss of profits, and a dilution of the value of her rights in an amount according to proof.

24. Unless restrained and enjoined, Defendants' acts of copyright infringement as alleged above will cause Artist irreparable injury.

25. Defendants' infringement of Artist's copyright was committed willfully. Defendants, and each of them, had full knowledge of the fact that Artist was the owner of the rights in the

Work, as evidenced by the fact that Defendants previously obtained a limited license from Artist to use a copy of Artist's Work on a single product. Defendants' knowing use of Artist's Work on additional products without notice, permission or compensation for a period of years demonstrates that their infringement was willful.

26. Defendants' willful acts of copyright infringement justify the award of the maximum measure of statutory damages against it — namely, One Hundred Fifty Thousand Dollars ($150,000) — for each act of infringement of Plaintiff's copyright, plus costs and attorneys' fees. Artist estimates that Defendant Winery printed and distributed at least 21,264 infringing copies of Artist's Work on its Chaucer's Raspberry Mead since 2004. Artist estimates that Defendant Winery printed and distributed at least 312 infringing copies of Artist's Work on its honey products since 2005. Artist estimates that Defendant Winery printed and distributed at least 24 infringing copies of Artist's Work on its magnets. Artist estimates that Defendant Winery printed and distributed a large number of infringing copies of Artist's Work on its Chaucer's Mead since March 1, 2007, as well as other unlicensed uses, according to proof. Alternatively, Plaintiff is entitled to her actual damages incurred as a result of Defendants' infringement and any additional profits of Defendants attributable to the infringement, plus costs and attorneys' fees.

## SECOND CAUSE OF ACTION

*(Unfair Competition – 15 U.S.C. §1125(a))*

27. Plaintiff hereby repeats and re-alleges each and every allegation contained in paragraphs 8 through the immediately preceding paragraph of this Complaint.

28. Since at least 2004 and continuing thereafter, Defendants, and each of them, without the consent of Plaintiff, produced and distributed to the public copies of Artist's Work ("Defendants' illustrations") that are virtually identical to Artist's Work.

29. Defendants' distribution of Defendants' illustrations is likely to confuse and mislead the public and to induce the mistaken belief that Defendants' illustrations are associated with Plaintiff, or that Defendants' illustrations are endorsed or sponsored by Plaintiff or in some way connected with Plaintiff. This confusion is likely to influence the decisions of the public as to whether to request copies of the Work from Defendants.

30. The aforesaid acts of Defendants, and each of them, constitute false designation of origin and false description and representation tending falsely to describe Defendants' illustrations, all in violation of §43(a) of the Lanham Act. See 15 U.S.C.A. §1125(a) (West 2007).

31. With knowledge of the falsity of such designation of origin, such description, and such representation, Defendants, and each of them, entered Defendants' illustrations into interstate commerce.

32. By reason of Defendants' false designation of origin and false description and representation tending falsely to describe Defendants' illustrations, Plaintiff has suffered and will continue to suffer substantial damage to her business in the form of diversion of trade, loss of profits, loss of goodwill, and damage to her reputation, all in amounts which are not yet fully ascertainable.

33. By reason of Defendants' false designation of origin and false description and representation as alleged above, Defendants are liable to Plaintiff for the actual damages suffered by Plaintiff as a result of Defendants' acts and any additional profits earned by Defendants as a result of said acts.

34. Unless restrained and enjoined, Defendants' false designation of origin and false description and representation tending falsely to describe Defendants' illustrations as alleged above will cause Plaintiff irreparable injury.

### THIRD CAUSE OF ACTION

*(Unfair Competition)*

35. Plaintiff hereby repeats and re-alleges each and every allegation contained in paragraphs 8 through the immediately preceding paragraph of this Complaint.

36. The aforesaid acts of Defendants, and each of them, constitute unfair competition with Plaintiff.

37. By reason of Defendants' acts of unfair competition as alleged above, Plaintiff has suffered and will continue to suffer substantial damage to his business in the form of diversion of trade, loss of profits, and loss of goodwill, and damage to his reputation, all in amounts which are not yet fully ascertainable.

38. By reason of Defendants' acts of unfair competition as alleged above, Defendants are liable to Plaintiff for the actual damages suffered by Plaintiff as a result of said acts of unfair competition and any additional profits earned by Defendants as a result of said acts.

39. Unless restrained and enjoined, Defendants' acts of unfair competition as alleged above will cause Plaintiff irreparable injury.

## FOURTH CAUSE OF ACTION

*(Unjust Enrichment)*

40. Plaintiff hereby repeats and re-alleges each and every allegation contained in paragraphs 8 through the immediately preceding paragraph of this Complaint.

41. By reason of Defendants' acts as alleged above, Defendants have unjustly enriched themselves in an amount estimated to be not less than Five Hundred Thousand Dollars ($500,000), and Plaintiff is entitled to just compensation therefor.

## FIFTH CAUSE OF ACTION

*(Violation of Moral Rights – 17 U.S.C. §106A)*

42. Plaintiff hereby repeats and re-alleges each and every allegation contained in paragraphs 8 through the immediately preceding paragraph of this Complaint.

43. Defendants, and each of them, failed to properly attribute authorship of the Work to Artist on one or more unauthorized copies in violation of Artist's moral right of attribution.

44. Defendants, and each of them, intentionally, or through gross negligence, distorted, mutilated or otherwise modified Artist's Work in a manner that was prejudicial to Artist's honor or reputation in violation of Artist's moral right of integrity.

45. By reason of Defendants' acts in violation of Artist's moral rights of attribution and integrity, as alleged above, Plaintiff is entitled to her actual damages incurred as a result of Defendants' wrongful acts and any additional profits of Defendants attributable to the wrongful acts, plus costs and attorneys' fees.

46. Unless restrained and enjoined, Defendants' wrongful acts, as alleged above, will cause Plaintiff irreparable injury.

/ / /

## SIXTH CAUSE OF ACTION

*(Violation of Moral Rights– Cal. Civ. Code §987)*

47. Plaintiff hereby repeats and re-alleges each and every allegation contained in paragraphs 8 through the immediately preceding paragraph of this Complaint.

48. Defendants, and each of them, failed to properly attribute authorship of the Work to Artist on one or more unauthorized copies in violation of Artist's moral right of attribution.

49. Defendants, and each of them, intentionally, or through gross negligence, distorted, mutilated or otherwise modified Artist's Work in a manner that was prejudicial to Artist's honor or reputation in violation of Artist's moral right of integrity.

50. By reason of Defendants' acts in violation of Artist's moral rights of attribution and integrity, as alleged above, Plaintiff is entitled to her actual damages incurred as a result of Defendants' wrongful acts and any additional profits of Defendants attributable to the wrongful acts, plus costs and attorneys' fees.

51. Unless restrained and enjoined, Defendants' wrongful acts, as alleged above, will cause Plaintiff irreparable injury.

## SEVENTH CAUSE OF ACTION

*(Conspiracy)*

52. Plaintiff hereby repeats and re-alleges each and every allegation contained in paragraphs 8 through the immediately preceding paragraph of this Complaint.

53. Defendants, and each of them, conspired with one another to commit the wrongful acts alleged in this complaint and committed the acts alleged in this complaint in furtherance of their conspiracy for their own benefit, and all to Plaintiff's detriment.

54. By reason of Defendants' conspiratorial acts, as alleged above, Defendants, and each of them, are jointly and severally liable for payment of the damages prayed for in this complaint.

## EIGHTH CAUSE OF ACTION

*(Punitive or Exemplary Damages)*

55. Plaintiff hereby repeats and re-alleges each and every allegation contained in paragraphs 8 through the immediately preceding paragraph of this Complaint.

56. Defendants' acts, as alleged above, were willful, wanton and malicious, and were undertaken with the intent to injure Plaintiff, and, further, with a knowing and intentional disregard for Artist's rights as an author under copyright law and the law of moral rights.

57. By reason of the foregoing acts, and by way of example, Plaintiff is entitled to punitive or exemplary damages in the amount of at least One Million Dollars ($1,000,000).

**RELIEF**

WHEREFORE, Plaintiff demands:

1. That Defendants, and each of them, its agents and servants be enjoined during the pendency of this action and permanently from infringing Plaintiff's copyright in the Work and enjoined from violating Artist's moral rights in any manner, and from publishing, selling, marketing, or otherwise disposing of any copies of Defendants' illustrations or any material derived therefrom;

2. That Defendants, and each of them, its agents and servants be enjoined during the pendency of this action and permanently from distributing to any person copies of Artist's Work which are confusingly similar to Artist's Work;

3. That Defendants, and each of them, be required to account for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyrights, their unfair trade practices and unfair competition, their unjust enrichment, and their violation of Artist's moral rights;

4. That Defendants, and each of them, be jointly and severally liable to Plaintiff for:

(a) statutory damages of One Hundred Fifty Thousand Dollars ($150,000) for each act of willful infringement of Plaintiff's copyright on the Work in an amount to be determined;

(b) the actual damages suffered by Plaintiff as a result of Defendants' infringement of Plaintiff's copyright on the Work plus the additional profits of Defendants attributable to such infringement in an amount according to proof;

(c) the actual damages suffered by Plaintiff as a result of Defendants' violation of §43(a) of the Lanham Act and unfair competition in an amount to be determined at trial, and any additional profits of Defendants attributable to such violation and unfair competition in an amount according

to proof;

(d) the profits earned by Defendants as a result of their unjust enrichment of themselves in an amount to be determined but estimated to be not less than Five Hundred Thousand Dollars ($500,000);

(e) punitive or exemplary damages of not less than One Million Dollars ($1,000,000);

(f) Plaintiff's Attorneys' fees and costs; and

(g) Prejudgment interest on all damages awarded.

5. That Defendants be required to deliver up to be impounded during the pendency of this action, and for eventual destruction pursuant to 17 U.S.C. §503 (West 2007), all infringing copies of Artist's Work, or copies which are confusingly similar to or derived from Artist's Work, as well as all masters and materials from which additional copies can be made, which are in Defendants' possession or control, including, without limitation, all such copies in the possession or control of Defendants' distributors or other agents;

6. That Plaintiff receives such other and further relief as this Court deems just and proper.

Dated: June 8, 2007

                                                ___/S/_____  
                                                David P. Morales,  
                                                Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff hereby respectfully demands trial by jury.

Dated: June 8, 2007

                                                ____/S/_____  
                                                David P. Morales,  
                                                Attorney for Plaintiff  
                                                The Morales Law Firm  
                                                1414 Soquel Avenue, Suite 212  
                                                Santa Cruz, CA  95062

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, UNJUST ENRICHMENT, VIOLATION OF MORAL RIGHTS, AND CONSPIRACY.**  
Case No.:                                     - 11 -



Exhibit "A."