1  CURTIS R. TINGLEY (SBN 112322)
   ctingley@ropers.com
2  BRUCE C. PIONTKOWSKI (SBN 152202)
   bpiontkowski@ropers.com
3  ROPERS, MAJESKI, KOHN & BENTLEY
   80 North First Street
4  San Jose, California 95113
   Telephone:    (408) 287-6262
5  Facsimile:    (408) 918-4501

6  Attorneys for Defendants
   JOHN BARGETTO and
7  BARGETTO'S SANTA CRUZ WINERY

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11

12  MARILYN CHURCHILL, an individual,    CASE NO.  C07-03007 MMC

13            Plaintiff,                 **ANSWER TO COMPLAINT**

14  v.                                   **DEMAND FOR JURY TRIAL**

15  JOHN BARGETTO, in his individual and
    official capacities; BARGETTO'S SANTA
16  CRUZ WINERY, a California Corporation;
    and DOES 1 through 100, inclusive,
17
              Defendants.
18

19       COMES NOW Defendants JOHN BARGETTO, in his individual and official capacities;

20  BARGETTO'S SANTA CRUZ WINERY, a California corporation,  (hereinafter "Defendants")

21  and herewith answer the Complaint as follows:

22       1.    Answering Paragraph 1 of Plaintiff's Complaint, Defendants deny each and every

23  allegation contained in said Paragraph.

24       2.    Answering Paragraph 2 of Plaintiff's Complaint, Defendants deny each and every

25  allegation contained in said Paragraph.

26       3.    Answering Paragraph 3 of Plaintiff's Complaint Defendants deny each and every

27  allegation contained in said Paragraph.

28       4.    Answering Paragraph 4 of Plaintiff's Complaint, Defendants admit only that

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

SJ/395543.1/LT2

ANSWER TO COMPLAINT
CASE NO. C07-03007 MMC

1   Plaintiff is an individual; otherwise, Defendants lack information and belief such that they cannot

2   admit such allegations and therefore deny them.

3          5.     Answering Paragraph 5 of Plaintiff's Complaint, Defendants admit said allegations

4   in this paragraph.

5          6.     Answering Paragraph 6 of Plaintiff's Complaint, Defendants admit said allegations

6   in this paragraph.

7          7.     Answering Paragraph 7 of Plaintiff's Complaint, Defendants are without sufficient

8   knowledge or information to form a belief as to the truth of the allegations contained in said

9   paragraph, and on that basis, denies each and every allegation contained therein.

10         8.     Answering Paragraph 8 of Plaintiff's Complaint, Defendants admit that there was

11  an agreement with Plaintiff; however, they deny the other allegations on information and belief.

12         9.     Answering Paragraph 9 of Plaintiff's Complaint, Defendants deny the allegations

13  in this paragraph.

14         10.    Answering Paragraph 10 of Plaintiff's Complaint, Defendants deny the allegations

15  in this paragraph.

16         11.    Answering Paragraph 11 of Plaintiff's Complaint, Defendants are without

17  sufficient knowledge or information to form a belief as to the truth of the allegations contained in

18  said paragraph, and on that basis, denies each and every allegation contained therein.

19         12.    Answering Paragraph 12 of Plaintiff's Complaint, Defendants are without

20  sufficient knowledge or information to form a belief as to the truth of the allegations contained in

21  said paragraph, and on that basis, denies each and every allegation contained therein.

22         13.    Answering Paragraph 13 of Plaintiff's Complaint, Defendants are without

23  sufficient knowledge or information to form a belief as to the truth of the allegations contained in

24  said paragraph, and on that basis, denies each and every allegation contained therein.

25         14.    Answering Paragraph 14 of Plaintiff's Complaint, Defendants are without

26  sufficient knowledge or information to form a belief as to the truth of the allegations contained in

27  said paragraph, and on that basis, denies each and every allegation contained therein.

28         15.    Answering Paragraph 15 of Plaintiff's Complaint, Defendants are without

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

SJ/395543.1/LT2                             - 2 -                    ANSWER TO COMPLAINT
                                                                    CASE NO. C07-03007 MMC

1   sufficient knowledge or information to form a belief as to the truth of the allegations contained in

2   said paragraph, and on that basis, denies each and every allegation contained therein.

3       16.     Answering Paragraph 16 of Plaintiff's Complaint, Defendants are without

4   sufficient knowledge or information to form a belief as to the truth of the allegations contained in

5   said paragraph, and on that basis, denies each and every allegation contained therein.

6       17.     Answering Paragraph 17 of Plaintiff's Complaint, Defendants are without

7   sufficient knowledge or information to form a belief as to the truth of the allegations contained in

8   said paragraph, and on that basis, denies each and every allegation contained therein.

9       18.     Answering Paragraph 18 of Plaintiff's Complaint, Defendants are without

10  sufficient knowledge or information to form a belief as to the truth of the allegations contained in

11  said paragraph, and on that basis, denies each and every allegation contained

12      19.     Answering Paragraph 19 of Plaintiff's Complaint, Defendants are without

13  sufficient knowledge or information to form a belief as to the truth of the allegations contained in

14  said paragraph, and on that basis, denies each and every allegation contained therein.

15      20.     Answering Paragraph 20 of Plaintiff's Complaint, Defendants are without

16  sufficient knowledge or information to form a belief as to the truth of the allegations contained in

17  said paragraph, and on that basis, denies each and every allegation contained therein.

18      21.     Answering Paragraph 21 of Plaintiff's Complaint, Defendants are without

19  sufficient knowledge or information to form a belief as to the truth of the allegations contained in

20  said paragraph, and on that basis, denies each and every allegation contained therein.

21      22.     Answering Paragraph 22 of Plaintiff's Complaint, Defendants deny each and every

22  allegation contained in said Paragraph.

23      23.     Answering Paragraph 23 of Plaintiff's Complaint, Defendants deny each and every

24  allegation contained in said Paragraph.

25      24.     Answering Paragraph 24 of Plaintiff's Complaint, Defendants deny each and every

26  allegation contained therein.

27      25.     Answering Paragraph 25 of Plaintiff's Complaint, Defendants deny each and every

28  allegation contained therein.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    26.    Answering Paragraph 26 of Plaintiff's Complaint, Defendants deny each and every

2    allegation contained in said Paragraph.

3    27.    Answering Paragraph 27 of Plaintiff's Complaint, Defendants deny each and every

4    allegation contained in said Paragraph.

5    28.    Paragraph 28 of Plaintiff's Complaint, Defendants deny each and every allegation

6    contained in said Paragraph.

7    29.    Answering Paragraph 29 of Plaintiff's Complaint, Defendants deny each and every

8    allegation contained in said Paragraph.

9    30.    Answering Paragraph 30 of Plaintiff's Complaint, Defendants deny each and every

10    allegation contained in said Paragraph.

11    31.    Answering Paragraph 31 of Plaintiff's Complaint, Defendants deny each and

12    every allegation contained in said Paragraph.

13    32.    Answering Paragraph 32 of Plaintiff's Complaint, Defendants deny each and every

14    allegation contained in said Paragraph.

15    33.    Answering Paragraph 33 of Plaintiff's Complaint, Defendants deny each and every

16    allegation contained in said Paragraph.

17    34.    Answering Paragraph 34 of Plaintiff's Complaint, Defendants deny each and every

18    allegation contained in said Paragraph.

19    35.    Answering Paragraph 35 of Plaintiff's Complaint, Defendants deny each and every

20    allegation contained in said Paragraph.

21    36.    Answering Paragraph 36 of Plaintiff's Complaint, Defendants deny each and every

22    allegation contained in said Paragraph.

23    37.    Answering Paragraph 37 of Plaintiff's Complaint, Defendants deny each and every

24    allegation contained in said Paragraph.

25    38.    Answering Paragraph 38 of Plaintiff's Complaint, Defendants deny each and every

26    allegation contained in said Paragraph.

27    39.    Answering Paragraph 39 of Plaintiff's Complaint, Defendants deny each and every

28    allegation contained in said Paragraph.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

40.    Answering Paragraph 40 of Plaintiff's Complaint, Defendants deny each and every allegation contained in said Paragraph.

41.    Answering Paragraph 41 of Plaintiff's Complaint, Defendants deny each and every allegation contained in said Paragraph.

42.    Answering Paragraph 42 of Plaintiff's Complaint, Defendants deny each and every allegation contained in said Paragraph.

43.    Answering Paragraph 43 of Plaintiff's Complaint, Defendants deny each and every allegation contained in said Paragraph.

44.    Answering Paragraph 44 of Plaintiff's Complaint, Defendants deny each and every allegation contained in said Paragraph.

45.    Answering Paragraph 45 of Plaintiff's Complaint, Defendants deny each and every allegation contained in said Paragraph.

46.    Answering Paragraph 46 of Plaintiff's Complaint, Defendants deny each and every allegation contained in said Paragraph.

47.    Answering Paragraph 47 of Plaintiff's Complaint, Defendants deny each and every allegation contained in said Paragraph.

48.    Answering Paragraph 48 of Plaintiff's Complaint, Defendants deny each and every allegation contained in said Paragraph.

49.    Answering Paragraph 49 of Plaintiff's Complaint, Defendants deny each and every allegation contained in said Paragraph.

50.    Answering Paragraph 50 of Plaintiff's Complaint, Defendants deny each and every allegation contained in said Paragraph.

51.    Answering Paragraph 51 of Plaintiff's Complaint, Defendants deny each and every allegation contained in said Paragraph.

52.    Answering Paragraph 52 of Plaintiff's Complaint, Defendants deny each and every allegation contained in said Paragraph.

53.    Answering Paragraph 53 of Plaintiff's Complaint, Defendants deny each and every allegation contained in said Paragraph.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

54.    Answering Paragraph 54 of Plaintiff's Complaint, Defendants deny each and every allegation contained in said Paragraph.

55.    Answering Paragraph 55 of Plaintiff's Complaint, Defendants deny each and every allegation contained in said Paragraph.

56.    Answering Paragraph 56 of Plaintiff's Complaint, Defendants deny each and every allegation contained in said Paragraph.

57.    Answering Paragraph 57 of Plaintiff's Complaint, Defendants deny each and every allegation contained in said Paragraph.

## AFFIRMATIVE DEFENSES

1.    As and for a first, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against DEFENDANTS.

2.    As and for a second, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiff is barred by the Doctrine of Estoppel.

3.    As for a third, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiff is barred by the Doctrine of Laches.

4.    As for a fourth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiff is barred by the Doctrine of Unclean Hands.

5.    As for a fifth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiff has waived any and all claims and is barred and estopped from alleging the matters set forth in the Complaint.

6.    As for a sixth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that at all times and places mentioned herein, plaintiff failed to mitigate the amount of damages.  The damages claimed by Plaintiff could have been mitigated by due diligence on Plaintiff's part or by one acting under similar circumstances.

SJ/395543.1/LT2                    - 6 -                    **ANSWER TO COMPLAINT**
                                                           **CASE NO. C07-03007 MMC**

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

The failure to mitigate is a bar to recovery under the Complaint.

7.    As for a seventh, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that each of the causes of action set forth in the Complaint is barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338, 340, 343.

8.    As for an eighth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege on information and belief that the sole and proximate cause of the acts complained of by Plaintiff were due to the acts and/or omissions of persons and entities other than Defendants.

9.    As for a ninth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Defendants' conduct was not the cause in fact, or the proximate cause of any of the losses alleged by Plaintiff.

10.    As for a tenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that the causes of action set forth in the Complaint are, and each of them is, barred in whole or in part by the privilege of fair competition.

11.    As for an eleventh, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiff was negligent, careless, reckless, or otherwise at fault in and about the matters alleged in the Complaint.

12.    As and for a twelfth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that said defendants acted at all times within the scope of discretion, in good faith, with due care, and pursuant to applicable rules, regulations and practices reasonably and in good faith belief to be in accordance with the Constitution and laws of the United States or the State of California, and this Defendants are, therefore, not liable.

13.    As and for a thirteenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that this Court lacks jurisdiction over the subject matter of this action.

14.    As and for a fourteenth, separate and distinct affirmative defense to the Complaint,

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

**ANSWER TO COMPLAINT
CASE NO. C07-03007 MMC**

1    and each and every cause of action thereof, Defendants allege that this Court lacks venue.

2    15.    As and for a fifteenth, separate and distinct affirmative defense to the Complaint,

3    and each and every cause of action thereof, Defendants allege that the Copyright Registrations

4    alleged in the Complaint were improperly filed with the United State Copyright Office, if they

5    were filed at all.

6    16.    As and for a sixteenth, separate and distinct affirmative defense to the Complaint,

7    and each and every cause of action thereof, Defendants allege that *jus tertii* bars any and all

8    claims of Plaintiff, including that for injunctive relief, as Defendants believe a third party has or

9    may have superior rights to those alleged by Plaintiff.

10    17.    As and for a seventeenth, separate and distinct affirmative defense to the

11    Complaint, and each and every cause of action thereof, Defendants allege that Plaintiff's alleged

12    copyrights are weak and were not infringed, and therefore, the scope of protection for said weak

13    marks does not extend to Defendants' products.

14    18.    As and for an eighteenth, separate and distinct affirmative defense to the

15    Complaint, and each and every cause of action thereof, Defendants allege that there was consent.

16    19.    As and for a nineteenth, separate and distinct affirmative defense to the Complaint,

17    and each and every cause of action thereof, Defendants allege that the forum is inconvenient.

18    20.    As and for a twentieth, separate and distinct affirmative defense to the Complaint,

19    these answering Defendants allege that plaintiff is barred by the Doctrine of Estoppel, as it has

20    acquiesced and permitted these answering Defendants and others to use, copy, create derivative

21    works from plaintiff.  These answering Defendants relied on Plaintiff's acquiescence and implied

22    authorizations to its detriment.

23    21.    As and for a twenty-first, separate and distinct affirmative defense to the

24    Complaint, these answering defendants allege that Plaintiff is barred by the Doctrine of Laches as

25    Plaintiff has known about these answering Defendants and their activities for several years and

26    has known about the works available to the public at large for many years prior to this time.

27    22.    As and for a twenty-second, separate and distinct affirmative defense to the

28    Complaint, these answering Defendants allege that Plaintiff's claims are barred as the works in

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  question are in the public domain and have lost any copyright protection that they might have

2  had.

3      23.    As and for a twenty-third, separate and distinct affirmative defense to the

4  Complaint, these answering Defendants allege that Plaintiff's claims are invalid as there has been

5  no "copying" as defined by The Copyright Act.

6      24.    As and for a twenty-fourth, separate and distinct affirmative defense to the

7  Complaint, these answering Defendants allege that Plaintiff's claims are barred by the First Sale

8  Doctrine.

9      25.    As and for a twenty-fifth, separate and distinct affirmative defense to the

10  Complaint, these answering Defendants allege that its actions fall within the Fair Use Doctrine,

11  thereby invalidating the cause of action set forth in the Complaint.

12      26.    As and for a twenty-sixth, separate and distinct affirmative defense to the

13  Complaint, these answering Defendants allege that Plaintiff has abandoned its alleged rights in

14  the works by acts which have caused the marks to lose their significance as copyrighted works.

15      27.    As and for a twenty-seventh, separate and distinct affirmative defense to the

16  Complaint, these answering Defendants allege that it had an implied license to use and/or modify

17  and/or copy each and every work claimed to be owned by Plaintiff based on Plaintiff's conduct.

18      28.    As and for a twenty-eighth, separate and distinct affirmative defense to the

19  Complaint, these answering Defendants allege that Plaintiff is barred by the Doctrine of Innocent

20  Intent and that these answering Defendants acted with innocent intent in the actions which were

21  taken with respect to the drawings in question and made reasonable efforts to ensure that it was

22  not required to obtain additional "permission" to use any of the alleged copyrighted works set

23  forth in the Complaint.

24      29.    As and for a twenty-ninth, separate and distinct affirmative defense to the

25  Complaint, these answering Defendants allege that Plaintiff is barred by the Doctrine of Waiver

26  as a result of his conduct as described herein.

27      30.    As and for a thirtieth, separate and distinct affirmative defense to the Complaint,

28  these answering Defendants allege that and any all statutory damages are barred by the applicable

statute of limitations and other bars related to statutory damages.

    31.    As and for a thirty-first, separate and distinct affirmative defense to the Complaint, these answering Defendants allege Plaintiff's claims fail as the alleged copyright is invalid and not infringed.

    32.    As and for a thirty second, separate and distinct affirmative defense to the Complaint, these answering Defendants state that they are informed and believe, and upon such basis allege, that Plaintiff has not obtained any grant of rights from the copyright owner of the work(s) in question in this matter or third parties have superior rights to said work(s).

    33.    As and for a thirty third, separate and distinct affirmative defense to the Second Amended Complaint, these answering Defendants allege Plaintiff has not complied with the statutory formalities of either the Copyright Act of 1909 or the Copyright Act of 1976, 17 U.S.C. § 101, et. seq.

    34.    As and for a thirty fourth, separate and distinct affirmative defense to the Second Amended Complaint, these answering Defendants allege that, due to the timing of Plaintiff's purported registration of its alleged copyrights, it is barred from claiming or receiving attorney's fees and statutory damages under 17 U.S.C. §412.

    WHEREFORE, these answering Defendants pray for judgment as follows:

1.   That Plaintiff take nothing by her Complaint;

2.   For reasonable attorney's fees and costs of suit incurred herein; and

3.   For such other and further relief as the Court deems proper.

Dated:    July 3, 2007         ROPERS, MAJESKI, KOHN & BENTLEY

                     By: /s/ Bruce C. Piontkowski
                         BRUCE C. PIONTKOWSKI
                         Attorneys for Defendants

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1     Defendants hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of

2   Court.

3   Dated:      July 3, 2007                    ROPERS, MAJESKI, KOHN & BENTLEY

4

5                                               By:  /s/ Bruce C. Piontkowski
                                                     BRUCE C. PIONTKOWSKI
6                                                    Attorneys for Defendants

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

SJ/395543.1/LT2                     - 11 -            **ANSWER TO COMPLAINT**
                                                     **CASE NO. C07-03007 MMC**