CURTIS R. TINGLEY (SBN 112322)
ctingley@ropers.com
BRUCE C. PIONTKOWSKI (SBN 152202)
bpiontkowski@ropers.com
ROPERS, MAJESKI, KOHN & BENTLEY
80 North First Street
San Jose, California 95113
Telephone:  (408) 287-6262
Facsimile:  (408) 918-4501

Attorneys for Defendants
JOHN BARGETTO and
BARGETTO'S SANTA CRUZ WINERY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARILYN CHURCHILL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JOHN BARGETTO, in his individual and official capacities; BARGETTO'S SANTA CRUZ WINERY, a California Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. C07-03007 MMC<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Date: September 14, 2007<br>Time: 10:30 a.m.<br>Courtroom 7<br>Honorable Maxine M. Chesney |

The parties in this matter hereby submit this Joint Case Management Conference Statement.

1. **JURISDICTION AND SERVICE**

The parties agree that this Court has jurisdiction of this matter under 28 U.S.C. §§1331, 1338 and 1367 (West 2007). The issues in this dispute generally involve matters of federal law under Title 17 of the United States Code, namely, copyright infringement, unfair competition, unjust enrichment, violation of moral rights, and related state-law claims, as alleged in the Complaint. The parties agree that there are no existing issues regarding personal jurisdiction or venue. At this time, there are no named defendants that remain to be served by Plaintiff.

RC1/5006377 1/LT2

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C07-03007 MMC

2. **FACTS**

Plaintiff alleges that she granted Defendant Bargetto's Santa Cruz Winery ("Bargetto Winery") permission for a single use of her purportedly copyrighted painting entitled "T'was May" (the "Painting") for the label of a single wine product, Chaucer's Mead. Plaintiff further alleges that Defendants subsequently proceeded to make repeated, unauthorized uses of Plaintiff's purportedly copyrighted Painting on additional products without, allegedly, notifying Plaintiff or allegedly seeking Plaintiff's permission. Finally, Plaintiff alleges that she notified Defendants that due to their allegedly wrongful acts, that Plaintiff was allegedly canceling the agreement previously reached by the parties and terminating all rights of Defendant Bargetto Winery to use Plaintiff's purportedly copyrighted Painting. Accordingly, Plaintiff alleges that she requested that Defendants immediately cease all purportedly unauthorized use of Plaintiff's purportedly copyrighted Painting. Nevertheless, Plaintiff alleges that Defendants continued their use of Plaintiff's purportedly copyrighted Painting without purportedly obtaining authorization, thereby allegedly giving rise to infringement and other claims set forth in the Complaint. Defendants deny all of these allegations set forth above.

The principal factual issues in dispute are:

a. Whether, and to what extent, Plaintiff actually owns a copyright to the Painting, "T'was May;"

b. Whether, and to what extent, Defendants made any unauthorized uses of Plaintiff's allegedly copyrighted Painting;

c. Whether Plaintiff can, and did, effectively cancel the prior agreement between the parties and terminate Defendants' right to use Plaintiff's purportedly copyrighted Painting;

d. Whether, and to what extent, Defendants' allegedly unauthorized uses and other actions constitute copyright infringement, unfair competition, unjust enrichment, violation of moral rights, and conspiracy;

e. Whether the damages and injunctive relief sought are recoverable.

3. **LEGAL ISSUES**

The principal legal issues in dispute are:

1      a.    Whether, and to what extent, Plaintiff actually owns a copyright to the allegedly copyrighted Painting, "T'was May;"

      b.    Whether, and to what extent, Defendants allegedly made unauthorized uses of Plaintiff's allegedly copyrighted Painting;

      c.    Whether Plaintiff can, and did effectively, cancel the prior agreement between the parties and terminate Defendants' right to use Plaintiff's alleged Painting;

      d.    Whether, and to what extent, Defendants' allegedly unauthorized uses and other actions constitute copyright infringement, unfair competition, unjust enrichment, violation of moral rights, and conspiracy;

      e.    Whether the damages and injunctive relief sought are recoverable.

**4.    MOTIONS**

The parties anticipate the filing of the following motions:

      a.    Plaintiff's Motion for Summary Judgment and/or Summary Adjudication;

      b.    Defendants' Motions for Summary Judgment and/or Summary Adjudication;

      c.    Plaintiff's Motion for Attorney's Fees and costs.

**5.    AMENDMENT OF PLEADINGS**

Plaintiff anticipates that amendment of the Complaint may be necessary following discovery.

**6.    EVIDENCE PRESERVATION**

Plaintiff alleges that Defendants have been notified by their counsel of the obligation to preserve all electronically-stored evidence and have taken steps to do so.

**7.    DISCLOSURES**

The parties have agreed to serve their Initial Disclosures no later than September 21, 2007.

**8.    DISCOVERY**

Parties agree to following limitations on the discovery:

      a.    unlimited depositions per party;

      b.    unlimited non-party deposition subpoenas;

1     c    unlimited document requests per party;

2     d.    200 interrogatories per party;

3     e.    unlimited request for admissions per party.

**9. CLASS ACTIONS**

N/A

**10. RELATED CASES**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

**11. RELIEF**

Plaintiff seeks a joint and several award of actual damages, disgorgement of profits, and/or statutory damages, as well as punitive or exemplary damages, attorney's fees, costs, and pre-judgment interest. In addition, Plaintiff seeks preliminary and/or permanent injunctions against continued unauthorized use of Plaintiff's allegedly copyrighted Painting.

**12. SETTLEMENT AND ADR**

Parties agree upon mediation.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Parties do not consent to assignment of this case to a magistrate for further proceedings.

**14. OTHER REFERENCES**

The parties cannot agree on any other reference.

**15. NARROWING OF ISSUES**

Through the meet-and-confer process, including the initial disclosures, the parties hope to narrow the issues.

**16. EXPEDITED SCHEDULE**

The parties do not believe that this is the type of case that can be handled on an expedited basis.

**17. SCHEDULING**

The parties submit the following schedule to this Court in relation to discovery, motions, designation of experts, and pretrial conference and trial:

a.  Amend Complaint and add parties by February 2008;

b.  Written discovery to be completed by June 2008;

c.  Depositions and third-party discovery to be completed by June 2008;

d.  Expert Disclosure to be made by each party by June 2008;

e.  Discovery motions to be heard by June 2008;

f.  Expert Depositions to be completed by July 2008;

g.  Motions for Summary Judgment to be heard by June 2008;

g.  Hearing on Pretrial Motions to be completed by June 2008;

i.  Submission of final Joint Final Pretrial Conference Statement and coordinated submission of trial exhibits by July 2008;

j.  Serving and filing briefs on all significant disputed issues of law, including procedural and evidentiary issues and motions in limine fifteen (15) days after Court's Order adopting Final Pretrial Conference Statement and submissions;

k.  Objections to receipt into evidence of any proposed testimony or exhibit must be submitted within ten (10) days after the Court's Order adopting Final Pretrial Conference Statement and submissions;

l.  Final pretrial conference and any necessary Court hearing to consider unresolved objections to proposed testimony or exhibits and motions in limine as dictated by the Court; and;

m.  Trial, which is expected to take approximately three (3) court days, including jury selection.

18. **TRIAL**

Parties have requested a jury trial. The expected length of trial is three (3) court days to be held in August 2008.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

At this time, Defendants have no one to disclose other than parties.

1  Dated:   September 4, 2007                    THE MORALES LAW FIRM

2

3                                               By: /s/ David P. Morales
                                                    DAVID P. MORALES
4                                                   Attorney for Plaintiff

5

6  Dated:   September 6, 2007                    ROPERS, MAJESKI, KOHN & BENTLEY

7

8                                               By: /s/ Bruce C. Piontkowski
                                                    BRUCE C. PIONTKOWSKI
9                                                   Attorneys for Defendants

10

11     I hereby attest that I have on file all holograph signatures for any signatures indicated by a

12  "conformed" signature (/S/) within this e-filed document.

13  Dated:   September 6, 2007                    ROPERS, MAJESKI, KOHN & BENTLEY

14

15                                              By: /s/ Bruce C. Piontkowski
                                                    BRUCE C. PIONTKOWSKI
16                                                  Attorneys for Defendants